J. BEN EVERETT
ADAM COOK
EVERETT COOK LAW
Attorneys at Law
P. O. Box 969
217 Park Avenue
Anaconda, Montana   59711
Telephone:  (406) 563-5005
Fax:  (406) 563-0380
jbeneverett@everettlawpllc.com
adamcook@everettlawpllc.com


Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| DOVIA CHANDLER, as personal representative of the Estate of Mark Chandler and DOVIA CHANDLER, GLEN CHANDLER AND TRACY CHANDLER, individually,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and DOES 1-3,<br><br>Defendant. | CAUSE NO._____<br><br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

*1*   COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW DOVIA CHANDLER, as personal representative of the Estate of Mark Chandler and DOVIA CHANDLER, GLEN CHANDLER AND TRACY CHANDLER, individually, by and through their attorneys of Everett Cook Law and for their causes of action against the defendant, for **which they demand a jury trial**, claim and alleges as follows:

## 1.

For all times material herein DOVIA CHANDLER has been and still is a resident of the City of Hotsprings, County of Garland, State of Arkansas. DOVIA CHANDLER was appointed Personal Representative of the Estate of Mark Chandler by order of the Circuit Court of Garland County, Arkansas, Probate Division and dated September 8th, 2022.

## 2.

For all times material herein GLEN CHANDLER has been and still is a resident of the City of Great Falls, County of Cascade, State of Montana.

## 3.

For all times material herein TRACY CHANDLER has been and still is a resident of the City of Anaconda, County of Deer Lodge, State of Montana.

**4.**

For all times material herein, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY has been and still is a foreign corporation engaged in the business of issuing insurance policies, including automobile insurance policies in the State of Montana, with its headquarters located in Bloomington, Illinois.

**5.**

DOES 1-3 are individuals or entities that may be responsible for some or all of Plaintiffs' damages. The identity of these parties will be substituted upon discovery.

**6.**

The basis for jurisdiction is 28 U.S.C. § 1332, and the Federal Courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs and is between citizens of different states.

**7.**

On August 8th, 2022, Mark Chandler was injured while attempting to cross Cedar Street at the intersection of Park Avenue and Cedar Street in Anaconda, MT when a negligently operated car ran him over. Mark Chandler died on August 11th, 2022, and as a result of the injuries he sustained as a result of being run over by a car.

**8.**

In consideration of the payment of premiums paid by DOVIA CHANDLER, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY issued two automobile insurance policies to her. As defined by those policies, her husband Mark Chandler was an insured under those policies. The insurance policies provided underinsured motorist coverage of $100,000.00 per person and $300,000.00 per occurrence. Separate premiums were charged for each UIM policy.

**9.**

Moreover, DOVIA CHANDLER, GLEN CHANDLER and TRACY CHANDLER were insureds under the underinsured motorist coverage of the

policies at issue in this case which was defined to include any "person entitled to recover compensatory damages as a result of bodily injury to an insured[.]"

## 10.

In a letter dated January 12ᵗʰ, 2022, demand was made against STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY by the plaintiffs' attorney for payment of the UIM policy limits to DOVIA CHANDLER, as personal representative of the Estate of Mark Chandler and DOVIA CHANDLER, GLEN CHANDLER AND TRACY CHANDLER, individually.

## 11.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY denied the claim, misrepresenting there was only $100,000 total in UIM coverage under these policies for the claims alleged by DOVIA CHANDLER, as personal representative of the Estate of Mark Chandler and DOVIA CHANDLER, GLEN CHANDLER AND TRACY CHANDLER, individually.

## 12.

Notwithstanding the fact that STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY's policy with DOVIA CHANDLER provided underinsured motorist coverage to DOVIA CHANDLER, as personal

representative of the Estate of Mark Chandler and DOVIA CHANDLER, GLEN

CHANDLER AND TRACY CHANDLER, individually, STATE FARM

MUTUAL AUTOMOBILE INSURANCE COMPANY has continued to act

unreasonably and has continued to interpret the contract to its own benefit and to

the detriment of plaintiffs depriving them of the benefit of the adhesion contract it

drafted and for which it collected premiums.

## COUNT ONE
## BODILY INJURY

### 13.

Plaintiffs re-allege the allegations set forth in paragraphs 1-12 of this

complaint.

### 14.

As a direct and proximate result of the underinsured driver's negligence,

Mark Chandler sustained bodily injuries and ultimately died, for which tSTATE

FARM MUTUAL AUTOMOBILE INSURANCE COMPANY is liable to DOVIA

CHANDLER, as personal representative of the Estate of Mark Chandler for his

wrongful death and is liable to DOVIA CHANDLER, GLEN CHANDLER AND

TRACY CHANDLER, individually, including for their negligent infliction of

emotional distress claims

## COUNT TWO
## BREACH OF CONTRACT

### 15.

Plaintiffs re-allege the allegations set forth in paragraphs 1-14 of this complaint.

### 16.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY breached its contract of insurance when it failed to pay benefits owed under the contract. DOVIA CHANDLER, as personal representative of the Estate of Mark Chandler and DOVIA CHANDLER, GLEN CHANDLER AND TRACY CHANDLER, individually, as insureds and a third party beneficiaries of this contract, have standing to enforce the insurance contract.

### 17.

Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY is liable to plaintiffs DOVIA CHANDLER, as personal representative of the Estate of Mark Chandler for his wrongful death and is liable to DOVIA CHANDLER, GLEN CHANDLER AND TRACY CHANDLER, individually, for any harm caused to them by the underinsured driver's negligence under plaintiffs' underinsured motorist policies.

7    COMPLAINT AND DEMAND FOR JURY TRIAL

**18.**

Plaintiffs are entitled to prejudgment interest from the date of the loss, until

paid pursuant to §27-1-211, MCA.

**COUNT THREE**
**STATUTORY AND COMMON LAW**
**BAD FAITH**

**19.**

Plaintiffs re-allege the allegations set forth in paragraphs 1-18 of this

complaint.

**20.**

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

committed common law and statutory bad faith, including but not limited to:

1) by refusing to pay to the claims of DOVIA CHANDLER, as personal representative of the Estate of Mark Chandler and DOVIA CHANDLER, GLEN CHANDLER AND TRACY CHANDLER, individually, without conducting a reasonable investigation based upon all available information;

2) by misrepresenting pertinent facts and insurance policy provisions relating to coverages at issue; and

3) by neglecting to attempt in good faith to effectuate prompt, fair, and equitable settlements of plaintiffs' claims in which liability had become reasonably clear.

## 21.

As a direct and proximate result of defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY's conduct, plaintiffs have suffered mental and emotional distress, have incurred attorneys' fees and costs, and wer forced to file this lawsuit to obtain the benefits of the contract, and incurred special costs for which they claims damages against defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

### COUNT FOUR
### PUNITIVE DAMAGES

## 22.

Plaintiffs re-allege the allegations set forth in paragraphs 1-21 of this complaint.

## 23.

Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY has acted with actual fraud and actual malice as defined by §27-1-221, MCA, and therefore should be required to pay plaintiffs punitive damages.

WHEREFORE, plaintiffs DOVIA CHANDLER, as personal representative of the Estate of Mark Chandler and DOVIA CHANDLER, GLEN CHANDLER

AND TRACY CHANDLER, individually, pray judgment against defendant

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY as follows:

1.    For plaintiffs' damages under the underinsured motorist coverage;

2.    For plaintiffs' severe mental and emotional distress;

3.    For general damages;

4.    For prejudgment interest;

5.    For attorney fees and costs;

6.    For punitive damages in an amount to be determined at trial; and

7.    For such other and further relief as the court deems just and proper.

**DATED THIS** 24th Day of February, 2023.

By:   /s/  J. Ben Everett

Attorneys for Plaintiff