Randall J. Colbert
Luc L. Brodhead
GARLINGTON, LOHN & ROBINSON, PLLP
350 Ryman Street • P. O. Box 7909
Missoula, MT  59807-7909
Phone (406) 523-2500
Fax (406) 523-2595
rjcolbert@garlington.com
llbrodhead@garlington.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| DOVIA CHANDLER, as personal representative of the Estate of Mark Chandler and DOVIA CHANDLER, GLEN CHANDLER AND TRACY CHANDLER, individually, | Cause No. 2:23-CV-00009-BMM |
| Plaintiffs, | |
| v. | BRIEF IN SUPPORT OF MOTION TO TRANSFER VENUE |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and DOES 1-3, | |
| Defendant. | |

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ........................................................................1

II.   BACKGROUND ........................................................................2

III.  LEGAL STANDARD....................................................................4

IV.   ARGUMENT ............................................................................6

      A.    Plaintiffs' action could have been brought in
            the Western District of Arkansas. ......................................6

            i.     The Western District of Arkansas is a proper venue. ................7

            ii.    Personal jurisdiction exists in Arkansas. ...................8

            iii.   Subject-Matter jurisdiction exists with
                   the Arkansas Court....................................................9

      B.    The *Jones* factors weigh in favor of transfer.......................10

            i.     The location where the relevant agreements
                   were negotiated and executed. ...................................10

            ii.    An Arkansas court would be most familiar
                   with the governing law.............................................12

V.    GENERAL TERMS.....................................................................12

      A.    The Plaintiffs' choice of forum in Montana
            should be given little deference.......................................13

      B.    The respective parties' contacts with the forum
            show that a change of venue is proper. ...............................15

TABLE OF CONTENTS CONT'D

Page

C.  The contacts relating to the Plaintiffs'
    cause of action in the chosen forum. ....................................................16

D.  The differences in the costs of litigation in the
    two forums favors a change in venue. ...................................................17

E.  The availability of compulsory process
    to compel attendance of unwilling non-party witnesses. ....................18

F.  The ease of access to sources of proof. ................................................19

G.  The public policy of the forum state. ...................................................19

VI.  CONCLUSION .................................................................................................19

CERTIFICATE OF COMPLIANCE ........................................................................20

TABLE OF AUTHORITIES

Page(s)

## Cases

*Chodock v. Am. Econ. Ins. Co.*,
No. CIV-05-1263-PHX-ROS, 2005 U.S. Dist. LEXIS 27222
(D. Ariz. Nov. 7, 2005) ............................................................1, 5, 11-14, 17-19

*Consort v. Nw. Corp.*,
No. 2:21-cv-39-BU-BMM, 2021 U.S. Dist. LEXIS 145158
(D. Mont. Aug. 3, 2021) .....................................................................................10

*Horizon House v. Cain Bros. & Co., LLC*,
No. C11-1762JLR, 2012 U.S. Dist. LEXIS 14821
(W.D. Wash. Feb. 7, 2012) ....................................................................................5

*Jones v. GNC Franchising, Inc.*,
211 F.3d 495 (9th Cir. 2000) .......................................................1, 5-8, 10, 12-19

*Martinez v. Aero Caribbean*,
764 F.3d 1062 (9th Cir. 2014) .........................................................................8-9

*Prince v. Or. Mut. Ins. Co.*,
No. 3:16-cv-00502-HDM-WGC, 2017 U.S. Dist. LEXIS 46544
(D. Nev. Mar. 28, 2017).........................................................2, 5-8, 11, 13, 15-17

## Statutes

28 U.S.C. § 1332(a) .................................................................................................9

28 U.S.C. § 1391(b) .................................................................................................7

28 U.S.C. § 1404(a) .................................................................................................4

INDEX OF EXHIBITS

| EXHIBIT | DESCRIPTION | PAGES |
|---------|-----------|-------|
| A | Letter from J. Ben Everett to State Farm dated January 12, 2023 | A-1 to A-2 |
| B | Policy Numbers 325 9216-B14-04 and 281 7016-E09-04D | B-1 to B-62 |
| C | Letter from Emily M. Runyon to J. Ben Everett dated February 9, 2023 | C-1 to C-2 |

## I.    INTRODUCTION

Defendant State Farm Mutual Automobile Insurance Company ("State Farm") respectfully moves this Court to transfer this action to the Western District of Arkansas, Hot Springs Division, which is the proper venue for this action. This action is primarily based on disputes regarding the interpretation of Arkansas State Farm auto policies (related to underinsured coverage) issued to Plaintiff, Dovia Chandler ("Dovia"). Dovia is the named insured under the policies, she is an Arkansas resident; the policies were negotiated and sold to her in Arkansas, her late husband's Estate (which is the primary subject to the policy benefits) is located in Arkansas, and the policies are subject to Arkansas law.

Changing venue is proper because, at the outset, this action, asserting claims flowing from the insurance policies, could have initially been brought in the Western District of Arkansas, Hot Springs Division. Moreover, while the accident giving rise to the claim for policy benefits occurred in Montana, the eight-factor *Jones* test, relied upon in the Ninth Circuit, weighs heavily in favor of transfer for convenience and the interest of justice. *Chodock v. Am. Econ. Ins. Co.*, No. CIV-05-1263-PHX-ROS, 2005 U.S. Dist. LEXIS 27222, at *6–7 (D. Ariz. Nov. 7, 2005) (transferring venue from Arizona (place of accident) to Indiana (where policy was issued)); *Prince v. Or. Mut. Ins. Co.*, No. 3:16-cv-00502-HDM-WGC,

2017 U.S. Dist. LEXIS 46544, at *4 (D. Nev. Mar. 28, 2017) (transferring venue from Nevada (place of accident) to Idaho (where policy was issued)).

## II.    BACKGROUND

On August 8, 2022, Mark Chandler was injured when he was hit by a vehicle while walking across a street in Anaconda, Montana. (Doc. 1 at ¶ 7.) As a result of his injuries, Mark Chandler passed away on August 11, 2022. (Doc. 1 at ¶ 7.) Mark is from Arkansas, and, on information and belief, he was visiting his adult daughter, Plaintiff Tracy Chandler, in Montana at the time of the accident. *See* Found. Decl. Randall J. Colbert, Jun. 13, 2023 ("Decl. Colbert") ¶ 2, Ex. A: Letter from J. Ben Everett, to State Farm, *Demand Letter* (Jan. 12, 2023).

Prior to the accident, State Farm issued two Arkansas auto policies to Dovia as the named insured. Decl. Colbert ¶ 3, Ex. B: Policy Nos. 281 7016-E09-04D & 325 9216-B14-04.[1] Mark was identified as a driver under the policies, and he qualified as an insured for purposes of underinsured motorist coverage ("UIM"). These policies were in effect on the date of loss and contained UIM limits of $100,000 per person and an aggregate limit of $300,000. Ex. B at 1. The policies

---

[1] State Farm also issued two policies to Mark Chandler as the named insured. These policies had UIM limits of $50,000 per person with an aggregate limit of $100,000. As with the policies issued to Dovia, these were also solicited by an Arkansas agent for a vehicle garaged in Arkansas. Ex. B at 2. Because Mark qualified as an insured under Dovia's policies and because those policies had greater limits, State Farm handled the UIM claim under Dovia's policy.

were solicited through an Arkansas agent and issued to Dovia who resided at all relevant times at 140 Green Acres Circle, Hot Springs, Arkansas. Ex. B at 2.

Following the accident, Dovia, on behalf of Mark's Estate and on behalf of her two adult children, Tracy and Glen Chandler, presented claims against the tortfeasor, who was insured by Travelers. Ex. A. Upon information and belief, Travelers paid its single liability policy limit of $100,000 to the benefit of Mark's Estate and the remaining aggregate limit of $200,000 collectively to Dovia, Tracy, and Glen. Ex. A.

On November 16, 2022, Dovia's counsel provided State Farm with notice that a UIM claim would be presented. Approximately two months later, on January 12, 2023, Plaintiffs submitted a UIM claim. Ex. A. Plaintiffs collectively demanded the stacked aggregate limits of $600,000, claiming that Mark's Estate was entitled to the $200,000 individual stacked limits and that the Dovia, Mark, and Tracy were entitled to the remaining stacked aggregate limits based on allegations they had standalone Negligent Infliction of Emotional Distress claims. Ex. A.

State Farm accepted that UIM coverage applied to Mark's claim and it retained Arkansas counsel to assist in responding to the demand for stacked coverage. The policies contain a choice of law provision, providing that Arkansas law applies to the interpretation of the policies' terms and conditions. Ex. B at 39.

On February 9, 2023, through Arkansas counsel, Emily Runyon, State Farm responded to Plaintiffs' demand advising, among other things, that under Arkansas Law, stacking was not allowed under the policies.  Decl. Colbert ¶ 4, Ex. C: Letter from Emily M. Runyon, to J. Ben Everett, *Claim No: 04-41X0-77V* (Feb. 9, 2023). Ms. Runyon further advised Plaintiffs that the $100,000 UIM per person limit applicable to Mark's claim would be paid.  This payment was then issued to Plaintiffs' counsel.

On February 23, 2023, Plaintiffs—Dovia Chandler, as personal representative of the Estate of Mark Chandler and Dovia Chandler, Glen Chandler, and Tracy Chandler, individually—filed this present suit against State Farm seeking stacked underinsured motorist coverage benefits.  *See* (Doc. 1).  State Farm filed its answer on May 22, 2023 (Doc. 4), and asserted, as an affirmative defense, that venue of this matter was proper before the Western District of Arkansas, Hot Springs Division.  (Doc. 4 at 7.)

The Complaint alleges, and the policy documents confirm, that Dovia was at all times a resident of Arkansas and the State Farm policies were issued to her were for vehicles garaged in Arkansas.  (Doc. 1 at ¶ 1.)  Further, Mark's Estate is (or was) being probated in Arkansas.  (Doc. 1 at ¶ 1.)

### III.    LEGAL STANDARD

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses,

in the interest of justice, a district court may transfer any civil action to any other

district or division where it might have been brought . . . ."  This requires the party

seeking transfer to satisfy a two-prong test: (1) "that the suit might have been

brought in the proposed transferee district"; and (2) "transfer must be for the

convenience of the parties and the witnesses and in the interest of justice."

*Chodock*, 2005 U.S. Dist. LEXIS 27222, at *4 (citing *Hoffman v. Blaski*, 363 U.S.

335, 344, (1960); *Gunther-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*,

179 F.R.D. 264, 269 (C.D. Cal. 1998)).

     In analyzing the first prong, courts ask whether (1) venue is proper in the

transferee court; (2) the transferee court has personal jurisdiction over the

defendant; and (3) the transferee court has subject-matter jurisdiction.  *Prince*,

2017 U.S. Dist. LEXIS 46544, at *4–5.

     In analyzing the second prong, courts have "broad discretion to decide when

considerations of convenience and fairness warrant a transfer of venue."  *Horizon*

*House v. Cain Bros. & Co., LLC*, No. C11-1762JLR, 2012 U.S. Dist. LEXIS

14821, at *3–4 (W.D. Wash. Feb. 7, 2012) (citing *Jones v. GNC Franchising, Inc.*,

211 F.3d 495, 498 (9th Cir. 2000)).  District courts "adjudicate motions for transfer

[of venue] according to an individualized, case-by-case consideration of

convenience and fairness."  *Jones*, 211 F.3d at 498 (citing 28 U.S.C. § 1404).

Although the district courts hold considerable discretion, the Ninth Circuit has

established a series of factors for courts to weigh when considering a motion to transfer venue. These factors, commonly referred to as the *Jones* factors, are:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. Additionally, the presence of a forum selection clause is a "significant factor" in the court's § 1404(a) analysis. We also conclude that the relevant public policy of the forum state, if any, is at least as significant a factor in the § 1404(a) balancing.

*Jones*, 211 F.3d at 498–99. As discussed below, the weight of these factors, including the need to apply Arkansas law to the claims, weigh heavily in favor of transferring venue.

## IV.   ARGUMENT

### A.   Plaintiffs' action could have been brought in the Western District of Arkansas.

The first prong of the two-pronged transfer of venue analysis asks whether the action could have been brought in the transferee court in the first place. The action could have been brought initially in the transferee court when (1) venue is proper in the transferee court; (2) the transferee court has personal jurisdiction over the defendant; and (3) the transferee court has subject matter jurisdiction. *Prince*, 2017 U.S. Dist. LEXIS 46544, at *4–5.

i.    **The Western District of Arkansas is a proper venue.**

Venue is proper in the Western District of Arkansas.  Under 28 U.S.C.
§ 1391(b), a civil action may be brought, in pertinent part, in "a judicial district in
which a substantial part of the events or omissions giving rise to the claim
occurred, or a substantial part of property that is the subject of the action is
situated."  Here, the policies were issued to Dovia at her residence located in Hot
Springs, which is within the Western District of Arkansas.  Ex. B at 2.  Further,
Dovia's claim for stacked UIM coverage benefits was declined under Arkansas
law, through Arkansas counsel retained by State Farm.  Ex. C at 2.  While the
accident occurred in Montana, the claim arose from an Arkansas policy for
insureds residing in Arkansas.  Further, coverage was assessed under Arkansas law
as required under the policies.

Under similar circumstances, a federal district court in Nevada transferred
venue from Nevada (the place of the accident) to Idaho (the place where the policy
was issued).  *Prince*, 2017 U.S. Dist. LEXIS 46544, at *4.  In *Prince*, the Plaintiff
was injured in a car accident that occurred in Nevada.  *Prince*, 2017 U.S. Dist.
LEXIS 46544, at *1-2.  Plaintiff filed suit against the insurer in a Nevada federal
court, seeking a determination of UIM coverage benefits.  *Id.* at *3.  For many of
the same reasons that exist here, the insurer moved to change venue to a federal
district in Idaho.  The Court granted the Defendant's motion.  In doing so, the

Court first found that venue was proper in Idaho because "substantial conduct giving rise to the claim occurred in Idaho" where "the insurance contract was executed in Idaho and the alleged denial of coverage occurred in Idaho." *Prince*, 2017 U.S. Dist. LEXIS 46544, at *4 (the Court also assessed the *Jones* factors, which are further discussed below). Here, like *Prince*, Plaintiffs seek underinsured motorist coverage for policies issued in Arkansas to Arkansas residents and where the extent of available coverage is subject to Arkansas law. Although the accident occurred in Montana, the substantial conduct giving rise to this litigation arose in Arkansas. For the same reasons set forth in *Prince*, venue is proper in the Western District of Arkansas where the insurance contract was negotiated and executed and where the declination of stacked coverage claims occurred.

### ii.    Personal jurisdiction exists in Arkansas.

The Western District of Arkansas has personal jurisdiction over State Farm in this litigation, which allows for a change of venue. In *Martinez v. Aero Caribbean*, the Ninth Circuit held that, "[w]here . . . there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits." 764 F.3d 1062, 1066 (9th Cir. 2014) (internal citations omitted). A state's courts may exercise two kinds of personal jurisdiction: specific jurisdiction and general jurisdiction. *Martinez*, 764 F.3d at 1066 (internal citations omitted). Specific jurisdiction "exists when a case 'arises

out of or relates to the defendant's contacts with the forum.'" *Martinez*, 764 F.3d at 1066 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)). General jurisdiction "allows 'a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world.'" *Martinez*, 764 F.3d at 1066 (internal citation omitted). General jurisdiction "over a corporation is appropriate only when the corporation's contacts with the forum state 'are so constant and pervasive as to render it essentially at home' in the state." *Martinez*, 764 F.3d at 1066 (citing *Daimler AG v. Bauman*, 571 U.S. 117, 122, (2014)). Here, State Farm conducts significant business in Arkansas and which is the state where the Insurance Policies were negotiated and executed. As such, the Western District of Arkansas has personal jurisdiction over State Farm.

### iii.    Subject-Matter jurisdiction exists with the Arkansas Court.

The Western District of Arkansas has subject-matter jurisdiction over Plaintiffs' claims. Plaintiffs' Complaint asserts diversity jurisdiction as the basis for this Court's subject-matter jurisdiction. *See* (Doc. 1 at ¶¶ 1-6.) Diversity jurisdiction is appropriate "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between" parties who are completely diverse. 28 U.S.C. § 1332(a). "The U.S. Supreme Court has interpreted the requirement that parties be 'citizens of different states' as a requirement of so-called 'complete diversity' among the parties." *Consort v. Nw.*

*Corp.*, No. 2:21-cv-39-BU-BMM, 2021 U.S. Dist. LEXIS 145158, at *4 (D. Mont. Aug. 3, 2021) (internal citations omitted). This requires that "'no plaintiff and no defendant . . . are citizens of the same state.'" *Consort*, 2021 U.S. Dist. LEXIS 145158, at *4 (internal citations omitted). Here, the diversity jurisdiction requirements for the Western District of Arkansas are satisfied where Plaintiffs' claimed damages exceed $75,000, and all Plaintiffs are completely diverse from State Farm. At the time of filing their Complaint, Dovia Chandler, both in her individual capacity and as personal representative of the Estate of Mark Chandler, was a resident of Hot Springs, Arkansas; Glen Chandler and Tracy Chandler are residents of Montana. State Farm, a foreign corporation, is domiciled in Bloomington, Illinois. As such, complete diversity exists among the parties. Therefore, the Western District of Arkansas has subject-matter jurisdiction over this matter.

Because the requirements for venue, personal jurisdiction, and subject-matter jurisdiction are all satisfied as to the Western District of Arkansas, this action could have been brought there initially, and the first prong of the venue transfer analysis is satisfied.

**B.     The *Jones* factors weigh in favor of transfer.**

**i.      The location where the relevant agreements were negotiated and executed.**

The first *Jones* factor weighs heavily in favor of transferring this matter to

the Western District of Arkansas where the Insurance Policies—forming the basis of this litigation—were negotiated and executed.  In litigation arising from insurance coverage disputes, district courts in the Ninth Circuit frequently hold that the first *Jones* factor favors transfer to the jurisdiction where the insurance policy at issue was negotiated and executed.  *See Chodock*, 2005 U.S. Dist. LEXIS 27222, at \*5-6.  In *Chodock*, the insured was injured in an accident that occurred in Arizona, where he and his wife resided during the winter months.  *Chodock*, 2005 U.S. Dist. LEXIS 27222, at \*1-3.  After settling with the tortfeasor, he filed suit in Arizona against his insurance company seeking UIM benefits and asserting claims for breach of contract and bad faith.  *Id.*  The policy was issued to the Plaintiff's business, which was located in Indiana.  *Id.* at \*1.  After removing the case to federal court, the Defendant insurance company moved to transfer venue to Indiana.  *Id.* at \*2-3.  In granting the motion, the court held that the first *Jones* factor weighed in favor of transfer where "[t]he insurance policy at issue . . . was negotiated and executed in Indiana for the understood risk that was garaged in Indiana."  *Id.* at \*6-7.  Consistently, in *Prince Supra*, the Court determined this factor weighed in favor of venue in Idaho, even though the accident occurred in Nevada, stating: "[t]he record reflects that [the insurance contract] was negotiated and executed in Idaho."  *Prince*, 2017 U.S. Dist. LEXIS 46544, at \*5.

Here, like *Chodock* and *Prince*, Plaintiffs seek underinsured motorist

coverage, alleging that State Farm improperly denied stacked coverage.  The

Insurance Policies—relied on by Plaintiffs for the basis for their claims—were

negotiated and executed in Arkansas and, as such, the first *Jones* factor heavily

favors transfer to the Western District of Arkansas.

### ii.    An Arkansas court would be most familiar with the governing law.

The second *Jones* factor considers "the state that is most familiar with the

governing law." *Jones*, 211 F.3d at 498.  Here the Policies contain a choice of law

provision, which requires application of Arkansas law to the interpretation of the

policies.  The policies provide, in pertinent part, as follows:

### V.    GENERAL TERMS

### 15. Choice of Law

Without regard to choice of law rules, the law of the State of :

    a.  Arkansas will control, except as provided in b. below, in the event of any disagreement as to the interpretation and application of any provision in the policy; [2]

Ex. B at 2.

In *Chodock*, the Court acknowledged that "[i]n a suit arising under diversity

jurisdiction, the court follows the substantive law of the forum, including its choice

---

[2]  Section b of this provision is inapplicable as it pertains to interpretation of the Mutual Conditions identified on the Declarations page that are subject to Illinois law but which are not at issue in this litigation.  Ex. B at 39.

of law principles." *Chodock*, 2005 U.S. Dist. LEXIS 27222, at *7. In *Chodock*, the Court found this factor weighed in favor of changing venue from Arizona to Indiana, when "the laws of Indiana would likely apply" and the "principal location of the insured risk was Indiana and no other state appears to have a more significant relationship." *Id.* at *7-8. Similarly, the *Prince* Court held that the second *Jones* factor favored transfer to an Idaho court where "[t]he parties agree that Idaho law applies to the interpretation of the insurance contract" and "an Idaho court would be more familiar with the application of Idaho law." *Prince*, 2017 U.S. Dist. LEXIS 46544, at *5 (citing *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (holding courts may consider "the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action")).

Here, as in *Chodock* and *Prince*, this factor weighs heavily in favor of transferring venue. The policies were issued in Arkansas for vehicles garaged in Arkansas and Arkansas law applies to their interpretation. An Arkansas court would be more familiar with the application of Arkansas law.

### iii.    The Plaintiffs' choice of forum in Montana should be given little deference.

Although Plaintiffs chose to file suit in Montana, because Arkansas has the most significant connection to the claims asserted, little deference should be given to Plaintiffs' forum selection.

The third *Jones* factor considers "the plaintiff's choice of forum." *Jones*, 211 F.3d at 498. Although, generally, there is "a strong presumption in favor of the plaintiff's choice[,]" of forum, "courts give less deference to plaintiffs . . . when the plaintiff does not reside in the forum state or where the forum lacks a 'significant connection' to the activities alleged in the complaint." *Chodock*, 2005 U.S. Dist. LEXIS 27222, at *8 (internal citations omitted). In *Chodock*, the Court held that Plaintiff's choice of forum in Arizona did "not weigh heavily in favor of denying the motion to transfer" even though the accident took place in Arizona. *Id.* at *9.

Here, the facts demonstrate, the Plaintiffs' forum selection in Montana should be given little deference:

1.     The Policies forming the basis of this litigation were negotiated in Arkansas, executed in Arkansas, and were intended to insure persons and property situated in Arkansas; Ex. B at 2.

2.     The State Farm agent who solicited the policies is located in Arkansas; Ex. B at 2.

3.     Plaintiff Dovia Chandler resides in Arkansas; *See* (Doc. 1 at ¶ 1.)

4.     Mark Chandler was an Arkansas resident and his Estate is being probated in Arkansas; *See* (Doc. 1 at ¶ 1.)

5.    Arkansas law applies to the Policy interpretation and determination of available benefits; Ex. B at 38; and

6.    Assessment of Coverage under the policies was done with the assistance of Arkansas counsel retained by State Farm and pursuant to Arkansas law. Ex. C at ¶ 1.

The only connection to Montana and the activities alleged in the Complaint is that the accident occurred in Montana and that Dovia's adult children reside in Montana.  However, these factors are of little deference.  While Mark was incidentally in Montana at the time of the accident (visiting his children), no vehicle insured under the policy was involved in the accident.  Further, while Tracy and Glen reside in Montana, they are foreign to the insurance policies. There were not resident relatives of Dovia and Mark and neither played a role in the procurement of the policies.  This threadbare nexus to Montana is insufficient to provide deference to Plaintiffs' forum selection and it should be given little weight.

### iv.    The respective parties' contacts with the forum show that a change of venue is proper.

The fourth *Jones* factor considers "the respective parties' contacts with the forum." *Jones*, 211 F.3d at 498.  In *Prince*, Plaintiff—an Idaho resident—was involved in an automobile accident in Nevada while temporarily employed there. *Prince*, 2017 U.S. Dist. LEXIS 46544, at *5–6.  The *Prince* Court held "that the

parties contacts' with Nevada are not as substantial as those with Idaho" because Plaintiff was a resident of Idaho and the parties negotiated and entered into the insurance contract—the subject of the action where Plaintiff sought underinsured motorist coverage—in Idaho.  *Id.* at *6.

Here, just as in *Prince*, the location of the accident is not a primary consideration.  Instead, the focus is on which forum has the greatest contact to the insurance policies at issue.  Here, the policies were solicited in Arkansas for property located in Arkansas and for citizens of Arkansas.  Therefore, this factor favors transfer to the Western District of Arkansas.

> **v.    The contacts relating to the Plaintiffs' cause of action in the chosen forum.**

The fifth *Jones* factor weighs "the contacts relating to the plaintiff's cause of action in the chosen forum."  *Jones*, 211 F.3d at 498.  In *Prince*, the Court held this factor favored transfer where Plaintiff's "only connection to Nevada is that the accident triggering his request for underinsured motorist coverage occurred in Nevada."  *Prince*, 2017 U.S. Dist. LEXIS 46544, at *6.  The *Prince* Court continued, stating that "[t]here is no allegation that the wrongdoing that is the basis of the complaint occurred in Nevada other than the fact that Oregon Mutual sent its denial of underinsured motorist benefits to Nevada."  *Id.*  Here, like in *Prince*, the only connection to Montana is that the accident triggering the request for underinsured motorist coverage occurred in Montana.  However, that is where the

connection ends.  The declination of stacked UIM benefits was communicated

through Arkansas counsel retained by State Farm, and pursuant to Arkansas law.

While the letter was sent to Dovia's attorney in Montana, just as found in *Prince*,

this is of little consequence.  Plaintiffs further allege defects in State Farm's claims

handling process—again, this process occurred entirely outside of Montana.

Therefore, the fifth *Jones* factor favors transfer.

> ### vi.    The differences in the costs of litigation in the two forums favors a change in venue.

The sixth *Jones* factor weighs "the differences in the costs of litigation in the

two forums."  *Jones*, 211 F.3d at 498–99.  In *Prince*, the Court held that the sixth

*Jones* factor favored transfer where "Plaintiff is an Idaho resident and the contract

was entered into in Idaho" and the insurer's place of incorporation and primary

place of business was in Oregon—and presumably closer proximally to Idaho.

*Prince*, 2017 U.S. Dist. LEXIS 46544, at *6-7.  In *Chodock*, the Court held that

transfer was favored where granting transfer would reduce "the amount of travel

time required to obtain depositions" where "there are multiple witnesses located in

Indiana that will need to be deposed."  *Chodock*, 2005 U.S. Dist. LEXIS 27222, at

*10.  Here, transferring to the Western District of Arkansas may reduce the costs

of litigation because the fundamental witness, the named insured, Dovia Chandler

is located in Arkansas.  Dovia will be required to appear for her deposition, which

would require her to travel to Montana if venue is not changed.  Further, she would

be required to travel to Montana to attend trial.  Without question, venue in
Arkansas would be more convenient for her.

Additionally, to the extent the Arkansas attorney retained by State Farm to
respond to the stacking demand may be a witness (to contest the bad faith claims),
venue in Arkansas would be more convenient and less costly to the parties.
Finally, to the extent the State Farm Agent who solicited the policies to Dovia is a
necessary witness, Arkansas is the favored venue.

The location in which the Insurance Policies were negotiated and executed,
and where the alleged denial of coverage occurred, should be the selected forum in
order to reduce litigation costs and provide greater convenience to the parties.  As
such, the sixth Jones factor favors transfer.

### vii.    The availability of compulsory process to compel attendance of unwilling non-party witnesses.

The seventh *Jones* factor considers "the availability of compulsory process
to compel attendance of unwilling non-party witnesses."  *Jones*, 211 F.3d at 499.
Where "[l]ive testimony is a primary reason courts are concerned about the
convenience of witnesses[,]" courts, therefore, "favor a forum where non-party
witnesses will fall under the court's subpoena power."  *Chodock*, 2005 U.S. Dist.
LEXIS 27222, at *10 (citation omitted).  In *Chodock*, the Court held the seventh
*Jones* factor favored transfer because "[i]f the case is held in Arizona, it appears
that the majority of witnesses, which are located in Illinois and Indiana, are beyond

the subpoena power of this Court." *Id.* at *11.  Here, as discussed above in the sixth *Jones* factor analysis, the primary witnesses relevant to this action are located in Arkansas.  The only necessary Montana witnesses—Glen Chandler and Tracy Chandler—are already parties and their attendance does not need to be compelled. Therefore, the seventh *Jones* factor favors transfer.

### viii.    The ease of access to sources of proof.

The eighth *Jones* factor weighs "the ease of access to sources of proof." *Jones*, 211 F.3d at 499.  Given that electronic record exchange will assist in the parties' access to proof, this factor is likely neutral to either venue.

### ix.    The public policy of the forum state.

Although not an enumerated factor, the *Jones* Court held "that the relevant public policy of the forum state, if any, is at least as significant a factor in the § 1404(a) balancing." *Jones*, 211 F.3d at 499.  Here, Arkansas has a strong interest in protecting the parties who choose to enter into contracts in that state, particularly when the primary place of performance—anticipated at the time of contracting—is Arkansas.

## VI.    CONCLUSION

Changing venue is proper.  The matter could have initially been brought in the Western District of Arkansas, Hot Springs Division, as this Court has personal and subject matter jurisdiction.  Further, the *Jones* factors weigh heavily in favor of

transferring venue, when the policies at issue were procured in Arkansas, for Arkansas residents, and which are subject to application of Arkansas law.  For the aforementioned reasons, State Farm respectfully requests that the Court Order the transfer of this matter to the United States District Court for the Western District of Arkansas, Hot Springs Division.

DATED this 14th day of June, 2023.

/s/  Randall J. Colbert
Attorneys for Defendant

CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(d)(2)(E), I certify that this **Brief in Support of Motion to Transfer Venue** is printed with proportionately spaced Times New Roman text typeface of 14 points; is double-spaced; and the word count, calculated by Microsoft Office 365, is 4,625 words long, excluding Caption, Certificate of Service and Certificate of Compliance.

/s/  Randall J. Colbert
Attorneys for Defendant